UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
VIRGINIA SUAREZ,                 :    ECF CASE
                                                :
            Plaintiff,                  :
                                                :    No.: 1:19-cv-08545-VSB
   v.                                            :
                                                :
YOUNG ADULT INSTITUTE, INC.,     :
                                                :
           Defendant.                :
------------------------------------- x

### STIPULATION AND ORDER GOVERNING
### THE TREATMENT OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Virginia Suarez and Defendant Young Adult Institute, Inc. ("Defendant") and collectively (the "Parties") through their respective counsel, that this Stipulation and Order governs the use and handling of documents, exhibits, deposition testimony, video and audio tapes and other information and documentation, including all copies, excerpts and summaries thereof (collectively, "Material"), produced by any Party to another Party in connection with the above-captioned lawsuit (the "Action"). Any Party may designate as "Confidential" any Material which it produces in response to document requests or interrogatories served in this proceeding, or other discovery obligations herein, when such Party in good faith believes the Material contains sensitive personal, financial, medical, commercial, security or safety information, or contains information that is non-public, proprietary or constitutes a trade secret relating to such Party, which would cause a financial hardship for the producer of the information or might place the producer at a competitive disadvantage if made public, or disclosure of which would effect the commercial or business reputation or interests of a Party or Defendant's current or former employees. ("Confidential

Material"). Confidential Material shall not include (1) information that at or prior to disclosure thereof in this action is or was publicly accessible or in the public domain or which, after disclosure thereof to the persons bound by this Order, becomes public without action on the producing party's part; and (2) information that was rightfully possessed by the party receiving it, and not otherwise subject to restrictions on its disclosure, prior to its production in the proceedings of this action.

1. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of the Action (including appeals, if any), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph 1, as set forth in subparagraph (b) below.

(b) Confidential Material shall be disclosed, for the purposes set forth above, only to:

(i) the Parties, counsel of record and other counsel for the Parties in this litigation;

(ii) such employees, experts, contractors, agents and consultants working with counsel, if any, in connection with this litigation, so long as they agree in writing to be bound by the terms of this Stipulation and Order, by having such person sign an acknowledgement in the form of Exhibit A of this Stipulation and Order, maintained by counsel who discloses the Confidential Material;

(ii) the litigation forums in which the Action may proceed and those acting under their direction and control (including, but not limited to, the Court, its personnel, court reporters, and stenographic reporters), so long as confidentiality is maintained;

2

(iii) non-party witnesses in preparation for or in pre-trial or trial proceedings relating to the Action if, from the face of the Confidential Material, it appears that they previously received the particular Confidential Material in question prior to the commencement of the Action, so long as they agree in writing to be bound by the terms of this Stipulation and Order, by having such person sign an acknowledgement in the form of Exhibit A of this Stipulation and Order, maintained by counsel who discloses the Confidential Material; and

(iv) any other person as to whom the Party producing such Confidential Material agrees in writing to be bound by the terms of this Stipulation and Order, by having such person sign an acknowledgement in the form of Exhibit A of this Stipulation and Order, maintained by counsel who discloses the Confidential Material.

(c) The Parties will seek protection from the Court for any Confidential Material filed with the Court or used in or disclosed at trial proceedings unless counsel for the Party producing the Confidential Material has been given two business days' notice of the disclosure and has stated in writing that it has no objection to the disclosure.

(d) Notwithstanding any of the foregoing provisions, any Party may disclose Confidential Material produced by it to any other individual or entity, without waiving such confidential designation.

2. Each person given access to Confidential Material pursuant to the terms hereof (a "Non-party") shall be advised that (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) that the violation of the terms of this Order (by use of the Confidential Material in any impermissible manner) may constitute a violation of a Court order. Each Party and its respective counsel agree to immediately notify counsel for all other Parties if it obtains knowledge

or information that a Non-party is about to disclose, or has disclosed, Confidential Material to persons who have not agreed to be bound by the provisions of this Order.

3. Documents not marked "Confidential" that a Party produced prior to the execution of this Stipulation, will be treated as Confidential Material so long as the producing Party identifies by Bates-stamp number to the other Party those documents that are to be treated as Confidential.

4. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

(b) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or within two weeks after such deposition has been transcribed. When designation of Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter place the appropriate legend on the cover of the Confidential portions of the transcript if requested to do so by the Party making such statement. The signatories to this Stipulation and Order may modify this procedure for any particular deposition through agreement on the record at such deposition or within a reasonable time after the conclusion thereof, without a further Order of the Court.

5. (a) The signatories hereto may at any time, on reasonable notice not less than two business days, move for (i) modification of this Stipulation and Order, or (ii) relief from the provisions of this Stipulation and Order with respect to specific Material (subject to the terms of paragraph 5(b), below).

(b) The Party that has not produced the Confidential Material shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the

4

time made, and failure to do so shall not preclude a subsequent challenge thereof. If the Party that has not produced the Confidential Material challenges such designation, it shall send or give notice to counsel for the other Party, and counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice not less than two business days, apply for appropriate ruling(s) from the Court. In the event of such application, the burden will be on the proponent of confidentiality to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure and applicable case law.

6. In addition to designating documents as "Confidential," a producing or receiving Party may require redactions to such documents (whether the Party's own documents or documents produced by another Party or Non-party for use in this litigation). To the extent that a Party objects to any such redaction, the Parties shall address that dispute subject to the provisions of this Stipulation and Order, with the Court ultimately to decide (based on an *in camera* review of a non-redacted version of each document at issue) any dispute over the need for redactions that the Parties cannot resolve on their own.

7. Any reproductions, summaries, or abstracts of Confidential Material shall be treated in the same manner as the originals.

8. (a) This Stipulation and Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation. At the conclusion of this litigation, each Party shall return promptly to its own counsel all Confidential Material. Similarly, a Non-party who has agreed to be bound by this Stipulation and Order shall promptly return to the counsel who provided such Confidential Material for the Non-party's review all such Confidential Material in the Non-party's possession.

(b)     Within sixty (60) calendar days after final termination of this Action, including all appeals, each Party shall either (a) return all Confidential Material to the producing Party (including any copies, extracts or summaries thereof or documents containing information taken therefrom, but excluding any materials which in the judgment of counsel reflect the work product of the recipient); or (b) destroy all such material and, upon request of the producing Party, deliver to the producing Party a letter certifying that such destruction of Confidential Material has occurred. Counsel for the Parties may retain any Confidential Material in their office files, but shall otherwise be bound by the terms of this Stipulation and Order.

(c)     Notwithstanding the return and/or destruction of any Confidential Material, the Parties shall be bound by the terms of this Stipulation and Order.

9.      It is expressly recognized that inadvertent production by any Party of privileged or arguably privileged matters shall not be deemed to be either: (a) a general waiver of the attorney-client privilege, the work product doctrine, the physician-patient privilege, or any other recognized privilege; or (b) a specific waiver of any such privilege with respect to documents being produced or the testimony given. Notice of any claim of privilege as to any document claimed to have been produced inadvertently shall be given within a reasonable period of time after discovery of the inadvertent production, and, on request by the producing Party, all inadvertently produced Material as to which a claim of privilege or work product protection is asserted and any copies thereof shall be returned promptly. The Parties recognize that the protection under this paragraph is stricter than that provided for under Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

10.     This Court shall retain jurisdiction of all matters pertaining to this Order, and the Parties agree to submit to the jurisdiction of this Court for matters relating to the enforcement of this Order.

11. The Parties agree to be bound by the terms of this Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all the parties.

12. This Order may be executed in one or more counterparts, each of which will be deemed an original, but which collectively will constitute one and the same instrument. Signed facsimile or e-mail copies will be acceptable as an original.

Dated: New York, New York
      July ___, 2020

LIPSKY LOWE LLP

By: _____
    Christopher H. Lowe
420 Lexington Avenue, Suite 1830
New York, NY 10170-1830
Phone: 212.392.4772
Fax: 212.444.1030
chris@lipskylowe.com

*Attorneys for Plaintiff*

Dated: New York, New York
      July ___, 2020

CLIFTON BUDD & DEMARIA, LLP

By: _____
    Daniel C. Moreland
350 Fifth Avenue, Suite 6110
New York, New York 10118
Phone: 212.687.7410
dcmoreland@cbdm.com

*Attorneys for Defendant*

Dated: New York, New York
      July  23 , 2020

SO ORDERED:

_____
Vernon S. Broderick    7/23/2020
United States District Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

VIRGINIA SUAREZ,

        Plaintiff,

v.

YOUNG ADULT INSTITUTE, INC.,

        Defendant.

------------------------------------------------------------------- x

ECF Case No. 1:19-cv-08545-VSB

AGREEMENT TO BE BOUND BY
STIPULATION AND ORDER GOVERNING THE TREATMENT OF
CONFIDENTIAL MATERIAL

I, _____ , declare as follows:

    1.    I have read and am familiar with the terms of the Stipulation and Order Governing the Treatment of Confidential Material ("Stipulation") on the above-captioned case governing disclosure of Information designated as confidential.

    2.    I have been instructed by counsel for _____ that any Information designated as "Confidential Information" other than my own records shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case and that I may not disclose, convey, publish, or duplicate any Confidential Information other than under the limited conditions permitted in the Stipulation.

    3.    I agree to abide by all the terms of the Stipulation and will not reveal or otherwise communicate to anyone any confidential information disclosed to me pursuant thereto except in accordance with the terms of the Stipulation. I agree not to use any Confidential Information for any purpose other than the litigation of the above captioned matter.

4. I agree to return to producing counsel any and all documentation delivered to me under the terms of the Stipulation and all copies thereof and to destroy any notes in my possession containing any Confidential Information, or references or summaries thereof, covered by the terms of this Stipulation.

5. I acknowledge that the Stipulation is binding on me. I consent to the personal jurisdiction of the above captioned Court for the purpose of determining whether I have complied with this Stipulation, and, if I have not complied, whether to impose sanctions and/or attorneys' fees and costs as the Court may, after notion and an opportunity to be heard, deem appropriate.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this ___ day of _____ 20____, at _____

_____
Signature

_____
Printed Name

_____
Address